WIGGINTON, Acting Chief Judge.
Plaintiff has appealed a final decree dismissing with prejudice her amended complaint for declaratory relief filed pursuant to Chapter 87, F.S. The motion to dismiss the complaint is grounded upon the primary contention that it fails to state a cause of action. The principal thrust of appellant’s position is that her amended complaint sufficiently states a cause of action entitling her to the declaratory relief prayed, and that the chancellor erred in dismissing it with prejudice.
This action involves the validity of a postnuptial contract entered into between plaintiff wife and defendant husband who is now an adjudged mental incompetent. The ultimate facts alleged in the complaint may be briefly summarized as hereinafter set forth.
At the time of their marriage plaintiff was uninformed and unaware of defendant’s financial worth, which fact defendant purposely concealed from her. A short time following their marriage defendant falsely represented to plaintiff that he was fearful she would take his home if the marriage terminated in divorce. Defendant represented that because of this apprehension he desired plaintiff to execute an agreement relinquishing any right she may have to his home. Plaintiff yielded to defendant’s request and agreed to execute the contract in question by which she purportedly released all claim, right, title, or interest she then had or may thereafter acquire in any property owned by defendant, including right of dower.
At the time the contract was executed by the parties, defendant prevented plaintiff from obtaining independent legal advice and at the same time failed to fully and correctly advise her with respect to the legal import of the contract insofar as it related to the property holdings and wealth of defendant. In addition, defendant hurried plaintiff in the execution of the contract to such an extent as to prevent her from giving due consideration to its terms and provisions. The contract was executed in the presence of only one subscribing witness.
The prayer of the complaint is for a decree invalidating the postnuptial agreement between the parties, and declaring what dower interest, if any, plaintiff has or will have in the real estate owned by defendant during the latter’s lifetime, and at his death.
Appellee seeks' to support the decree appealed on the premise that for a complaint for declaratory relief to be sustainable, it must clearly allege facts sufficient to show that a justiciable issue exists between the parties. Appellee contends that since the complaint fails to allege that at the time the postnuptial agreement was executed defendant husband was seized and possessed of title to any real estate other than his home, then there was no property to which an inchoate right of dower possessed by plaintiff could have attached. It is settled in this state that a wife’s inchoate right of dower does not attach to the husband’s interest in a constitutional homestead existing under the laws of Florida.[1]
The chancellor, in dismissing the complaint, apparently was of the view that the complaint failed to allege sufficient facts establishing the existence of a bona fide dispute over a present justiciable issue existing between the parties.
The case of Del Vecchio v. Del Vecchio [2] is the latest pronouncement by the Supreme Court establishing the standards which must be applied in determining the validity of *678 either antenuptial or postnuptial agreements between husbands and wives. In that decision the court said:
“The subject of antenuptial agreements has not heretofore been squarely presented to this Court. The Weeks case, supra, involved a separation agreement which, although not the principal question in the case, led to the establishment of precedent for both antenuptial and separation agreements. * * * ”
By any standard it must be conceded that the contract in question by which plaintiff relinquished all right to her husband’s estate is unreasonable on its face. With regard to this factor, the Supreme Court in Del Vecchio said:
“Ordinarily the burden of proof of the invalidity of a prenuptial contract is on the wife alleging it but if, on its face, the contract is unreasonable a presumption of concealment arises, the burden shifts, and it is incumbent upon the husband to prove validity. But in the application of this rule careful consideration of the several factors mentioned above is indicated. If, when the contract is made, the prospective husband was a man of the world and the prospective bride relatively inexperienced then clearly such presumption is indicated. But if, on the other hand, the prospective husband is a commonplace and elderly drab and the prospective bride a worldly-wise and winsome young woman the rule should be applied, if at all, with caution.”
There are no allegations contained in the complaint by which it may be determined as a matter of law whether the defendant husband was a man of the world, or the plaintiff wife was relatively inexperienced. Since no photographs of the parties were attached to the complaint as exhibits, and no word picture of their personality traits found among the allegations of the complaint, it likewise cannot be determined as a matter of law whether at the time the agreement was signed the defendant husband was a commonplace or elderly drab, or plaintiff wife was a worldly-wise and winsome young woman, within the standards and requirements laid down in Del Vecchio and quoted above. It must necessarily follow that a determination of these factors must await the personal appearance of the parties before the chancellor, and the introduction of proof from which a presumption of concealment or fraud might or might not arise.
In specifying other factors which must be considered, and rules which must be applied, in passing upon the validity of these types of agreements, the Supreme Court said:
“The relationship between the parties to an antenuptial agreement is one of mutual trust and confidence. Since they do not deal at arm’s length they must exercise a high degree of good faith and candor in all matters bearing upon the contract. The courts will no longer indulge the archaic presumption of dominance by the husband but they will scrutinize such agreements and will require good faith disclosure by the prospective husband of the material facts relating to the character and value of his property showing that the prospective bride possessed such general and approximate knowledge of his property as to enable her to reach an intelligent decision to enter into the agreement.
“Unless it be shown that the woman is, in fact, the dominant and moving party the burden is not upon her to inquire, but upon the man to inform. And while the disclosure should be full, fair and open, it need not be minutely detailed nor exact. The test is the adequacy of the knowledge of the woman — she must have had some understanding of her rights and a general and approximate knowledge of his property and resources. The basic issue is concealment, not the absence of disclosure, and the wife may not repudiate if she is not prejudiced by lack of information.”
*679 It is our view that the complaint sufficiently alleges a lack of good faith and candor on the part of defendant in persuading plaintiff to execute the agreement in question; that plaintiff did not possess even a general or approximate knowledge of defendant’s property at the time the agreement was signed; and, that defendant purposely concealed from plaintiff the extent of his financial worth when he induced her to surrender whatever rights she may have not only to his home, hank account and other personal property, but also to any property he might accumulate during marriage and prior to death.
For the reasons stated above, it is our conclusion that the complaint sufficiently states a cause of action for declaratory relief to withstand the motion to dismiss. The decree of dismissal is reversed and the cause remanded for further proceedings.
Reversed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.

. F.S. § 731.34, F.S.A.; Wilson v. Florida Nat. Bank & Trust Co. (Fla.1953), 64 So.2d 309.

. Del Vecchio v. Del Vecchio (Fla.1962), 143 So.2d 17, 21.